UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSH MOSOLF
624 Wisconsin Avenue
North Fond du Lac, Wisconsin 54937

    Plaintiff,

v.

EFFICIENT TECHNOLOGY SERVICES LLC
103 South Main Street
Fond du Lac, Wisconsin 54935

    and

BEN SPITTEL
103 South Main Street
Fond du Lac, Wisconsin 54935

    Defendants

Case No.: 19-cv-747

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Josh Mosolf, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Josh Mosolf, is an adult male resident of the State of Wisconsin with a post office address of 624 Wisconsin Avenue, North Fond du Lac, Wisconsin 54937.

5. Defendant, Efficient Technology Services LLC (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 103 South Main Street, Fond du Lac, Wisconsin 54935.

6. Defendant, Ben Spittel (hereinafter simply "Defendant Spittel"), was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 103 South Main Street, Fond du Lac, Wisconsin 54935.

7. Defendant Company is a technology service company.

8. Defendant Spittel owns, operates, and manages Defendant Company.

9. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Spittel was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Spittel supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Spittel had the ability and authority to (and actually did), hire, terminate, promote, demote, and suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Spittel had the ability and authority to (and actually did), review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Spittel established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

19. During Plaintiff's employment with Defendants, Defendant Spittel controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Spittel established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Spittel tracked and recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

23. During Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate telephone communications and/or e-mail correspondence with and purchasing from Defendants' customers, prospective customers, and third-party vendors.

## GENERAL ALLEGATIONS

24. On or about September 18, 2017, Defendant Spittel hired Plaintiff as a Store Manager.

25. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Spittel.

26. Plaintiff is still currently employed by Defendants in the position of Store Manager.

27. During Plaintiff's employment with Defendants and upon information and belief, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

28. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-monthly basis.

29. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis with an hourly rate of pay between $9.00 and $10.00.

30. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

31. During the entirety of Plaintiff's employment with Defendants, Plaintiff frequently worked in excess of forty (40) hours per workweek.

32. During the entirety of Plaintiff's employment with Defendants and despite frequently working in excess of forty (40) hours per workweek, Defendants did not compensate Plaintiff with overtime pay for any and all hours worked in excess of forty (40) hours in a workweek.

33. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed the job duties and responsibilities of his Store Manager position at the direction of Defendant Spittel and/or with Defendant Spittel's knowledge.

34. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked in a workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

35. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

36. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

37. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

38. Defendants owe Plaintiff approximately four hundred and thirty (430) hours of earned and unpaid overtime wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (OVERTIME PAY OWED)

39. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

41. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

42. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

43. At all times material herein, Plaintiff did not meet or satisfy any of the FLSA exemptions in any workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

44. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

45. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants

acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

46. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

47. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

48. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY OWED)

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

51. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

52. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

53. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay and at a previously agreed-upon rate of pay.

54. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

55. During Plaintiff's employment with Defendants, Plaintiff did not meet or satisfy any of the WWPCL exemptions in any workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

56. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay.

57. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

58. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of the unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

59. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 20th day of May, 2019

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          **s/ *Scott S. Luzi***
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com